IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| MICHAEL PERNELL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-cv-00002 |
| ) | |
| MICHAEL POTTER, FENTRESS COUNTY JAIL, ) | Judge Sharp |
| JOSH SMITH, and BARBRA ROGERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Michael Pernell Smith, a state prisoner presently incarcerated at the Overton County Jail in Livingston, Tennessee, filed this action under 42 U.S.C. § 1983 based on events that occurred when the plaintiff was housed at the Fentress County Jail. The complaint is before the court for initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.     Factual Allegations**

The plaintiff alleges that he was sentenced to eleven months and twenty-nine days of incarceration on July 30, 2012 and began serving his sentence at the Fentress County Jail. Shortly after he arrived at the jail, he began suffering verbal abuse of a sexual nature by corrections officer Michael Potter. The plaintiff does not allege that Potter ever touched him inappropriately. Instead, Potter repeatedly made homosexual references to the plaintiff in front of other inmates, grabbed himself and made vulgar comments, and told other inmates and jail officials that the plaintiff was homosexual and that the plaintiff was in jail for beating and choking his girlfriend (which was not true). Potter also told the plaintiff and other inmates that the reason the plaintiff did not know how to treat women was because he "really wanted men." (ECF No. 1, at 6.) In addition, Potter allegedly tampered with the plaintiff's mail on one occasion by adding "vulg[a]r homosexual talk" at the bottom of a letter after the plaintiff had sealed the letter and sent it to be mailed. (*Id.*) The plaintiff also claims that his girlfriend left him because of comments made to her by Potter when she came to visit.

In addition to suing Potter, the plaintiff also names as defendants the Fentress County Jail, Assistant Jail Administrator Josh Smith, and Jail Administrator Barbra Rogers. The claims against the latter two defendants are apparently premised upon their having denied the plaintiff's grievances and requests to transfer. The plaintiff asserts he would like to file "charges of neglect" against Rogers and Smith. (ECF No. 1, at 5.)

## II.     Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a civil complaint or any portion of a complaint filed *in forma pauperis* that (1) fails to state a claim for which relief can be granted, or (2) is frivolous. Section 1915A(a) similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.    Law and Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) identify a right secured by federal law or the United States Constitution, and (2) demonstrate a deprivation of that right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). Both parts of this test must be satisfied to support a claim under § 1983. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As an initial matter, the claims against the Fentress County Jail are subject to dismissal because the jail is a building, not a person subject to liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436

U.S. 658, 690 & n.55 (1978) (holding that, for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"). *Cf. Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir.2007) (affirming district court's conclusion that a county sheriff's department is also not a legal entity under Ohio law that is susceptible to suit under § 1983); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (noting that "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit").[1]

Second, although defendants Josh Smith and Barbra Rogers, as jail officials, may be deemed state actors subject to liability under § 1983, it is clear that the complaint does not adequately allege facts that suggest either of these defendants violated the plaintiff's constitutional rights. The claims against Smith and Rogers are apparently based on their denial of the plaintiff's grievances. The Sixth Circuit has held that where defendants' "only roles . . . involve the denial of administrative grievances or the failure to act . . . they cannot be liable under § 1983." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Thus, claims that are based simply on the denial of a grievance do not state a claim of constitutional dimension. Because the complaint does not contain any factual allegations suggesting Smith or Rogers was involved in the actions upon which the complaint is based, the complaint fails to state a claim against them for which relief may be granted.

Finally, the allegations in the complaint are insufficient to state a claim against defendant Potter over which this Court has jurisdiction under 42 U.S.C. § 1983. The crux of the plaintiff's claim against Potter is that Potter engaged in sexual harassment, by taunting the plaintiff in a sexually suggestive manner, calling him names, spreading rumors about him, and being sexually vulgar. A claim of sexual harassment may implicate a prisoner's Eighth Amendment right against cruel and unusual punishment. "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a

---

[1] Even if the Court, construing the *pro se* complaint liberally, assumes that the plaintiff intended to sue Fentress County as the entity responsible for the operation of the Fentress County Jail, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles County v. Humphries*, --- U.S. ----, ----, 131 S. Ct. 447, 453–54 (2010) (citing *Monell*, 436 U.S. at 694). To state a municipal-liability claim, the plaintiff must identify a policy or custom of the municipality, connect the policy to the governmental entity, and show that his injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). The plaintiff here does not allege that his injury resulted from the implementation of any policy or custom of the municipality.

legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citations omitted). However, "[t]o prevail on a constitutional claim of sexual harassment, an inmate must . . . prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)); *Jackson v. Madery*, 158 F. App'x 656, 661–62 (6th Cir. 2005).

Sexual harassment that does not involve contact or touching, psychologically painful though it may be, fails to satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir. 2002) (allegations that prison guard asked prisoner to have sex with her and to masturbate in front of her and other female staffers did not rise to level of an Eighth Amendment violation); *Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. Mar. 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir. 1995) (allegations that a prison deputy made verbal comments about the plaintiff's body, his own sexual prowess, and his sexual conquests did not state a constitutional claim). The Sixth Circuit has held that even minor isolated incidents of sexual touching coupled with occasional offensive sexual remarks do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Jackson v. Madery*, 158 F. App'x at 661 (allegation that correctional officer rubbed and grabbed prisoner's buttocks in a degrading and humiliating manner was "isolated, brief, and not severe" and so failed to violate the Eighth Amendment); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment).

Moreover, the plaintiff does not allege any physical injury as a result of the alleged sexual harassment. 42 U.S.C. § 1997e(e) precludes a claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Harden–Bey v. Rutter*, 524 F.3d 789, 795–96 (6th Cir. 2008); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). *See also Taylor v. United States*, 161 F. App'x 483, 486–87 (6th Cir. 2007) (recognizing that the majority of courts hold that

§ 1997e(e) applies to all prisoner lawsuits).

The plaintiff's allegation that Potter tampered with his mail on one occasion likewise does not state a claim for a constitutional violation. *See Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (allegations that prison officials "repeatedly and intentionally withheld" a prisoner's mail may state a First Amendment claim but an "isolated" instance will not).

In sum, the plaintiff's claims, even if true, do not establish that Potter violated his constitutional rights.

## IV.    Conclusion

For the reasons set forth herein, the Court will dismiss the plaintiff's *pro se* complaint in its entirety for failure to state a claim under 42 U.S.C. § 1983 for which relief may be granted.

An appropriate order is filed herewith.

Kevin H. Sharp
United States District Judge